UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KEITH LAVERT MCGHEE,

      Petitioner,

v.                                  Case No. 3:25-cv-748-MMH-SJH

UNITED STATES OF AMERICA,

      Respondent.

_____

## ORDER

Petitioner, Keith Lavert McGhee, an inmate of the federal penal system, initiated this action on June 29, 2025,[1] by filing a document titled "2241 Petition for Writ of Habeas Corpus" (Petition; Doc. 1). In the Petition, McGhee challenges his federal sentence and seeks immediate release from federal custody.

Because McGhee seeks to challenge his federal sentence, the appropriate cause of action would be a motion to vacate or set aside sentence under 28 U.S.C. § 2255. See Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351 n.1 (11th Cir. 2008) ("It is . . . clear that a § 2255 motion is the exclusive remedy for a federal prisoner to collaterally attack his conviction and sentence, except

_____

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).

in the rare cases where it is inadequate to do so."). To initiate an action under 28 U.S.C. § 2255, McGhee must use the standard form approved for use in the Middle District of Florida. See Local Rule 6.04(a) ("A pro se person in custody must use the standard form . . . to file . . . a motion under 28 U.S.C. § 2255 . . . ."). Here, McGhee did not use the standard form, nor did he provide all the information requested on the form.

Moreover, McGhee has initiated a direct appeal to challenge his sentence and that the appeal remains pending. See United States v. McGhee, No. 25-10473 (11th Cir.). Thus, even if the Court wished to construe this Petition as a motion under § 2255, it would be premature as he has not shown extraordinary circumstances to warrant review of a collateral motion during the pendency of his appeal. United States v. Khoury, 901 F.2d 975, 976 (11th Cir. 1990) ("The general rule is that a defendant may not seek collateral relief while his direct appeal is pending."); United States v. Wilson, 894 F.2d 1245, 1252 (11th Cir. 1990) ("[T]his circuit established that '[a] motion to vacate sentence under 28 U.S.C. § 2255 will not be entertained during the pendency of a direct appeal, inasmuch as the disposition of the appeal may render the motion moot.'" (quoting Welsh v. United States, 404 F.2d 333 (5th Cir. 1968) (abrogated on other grounds))); United States v. Casaran-Rivas, 311 F. App'x 269, 272–73 (11th Cir. 2009) (collecting cases for proposition that, absent extraordinary circumstances, a defendant may not seek collateral relief while his direct

appeal is pending).[2] Accordingly, the Court dismisses the Petition without prejudice to McGhee seeking relief using the correct form after the conclusion of his direct appeal.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.    McGhee's "2241 Petition for Writ of Habeas Corpus" (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

2.    The Clerk of the Court shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

3.    The Clerk of the Court is **directed** to send McGhee a blank motion for challenges under 28 U.S.C. § 2255 and an application to proceed in forma pauperis (prisoner filings) form. If McGhee chooses to refile his claim, he may do so on the appropriate form. He should not put this case number on the form because the Clerk will assign a new case number upon receipt.

**DONE AND ORDERED** at Jacksonville, Florida, this 17th day of July, 2025.

MARCIA MORALES HOWARD
United States District Judge

---

[2] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

JaxP-12
c:     Keith Lavert McGhee, #70218-018